# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID CLIETT, | : | |
| Plaintiff, | : | Civil Action |
| | : | No. 17-4600 |
| v. | : | |
| | : | |
| CORRECTIONAL OFFICER | : | |
| HUGHES, et al., | : | |
| Defendants. | : | |

**McHUGH, J.**                                                                                             **MARCH 16, 2020**

**MEMORANDUM**

      This is a pro se civil rights action brought by a prisoner in the custody of the Philadelphia Prison System who was the victim of an unfortunate attack by another inmate. Although the assault is deeply regrettable, there is insufficient evidence in the record to establish a constitutional violation for failure to protect him from harm. Accordingly, I am compelled to grant Defendant's Motion for Summary Judgement.

**I.**     **Relevant Background**

      The incident giving rise to this case occurred while Plaintiff David Cliett was a pretrial detainee. On August 31, 2017, at the time of the attack, correctional officers were handcuffing inmates who were going to court. Hughes Memo, Ex. B, ECF 21-3. Plaintiff had already been handcuffed when Officer David Hughes, the remaining Defendant in this case, and fellow Officer Terrence Mollineau called another prisoner, Rasheem Burton, out of his cell. Cliett Dep. at 11:11-12:5, Ex. C, ECF 21-2. In video of the incident, Burton can be seen walking from his cell to the dayroom. Security Video, "A1-1 Dining," at 4:03:31, Ex. D to Def. Mot. for Summ. J., ECF 21. When Burton got close to Plaintiff, he lunged at him from behind with some form of

weapon. *Id*. at 4:04:14; Hughes Memo. Burton then stabbed Plaintiff multiple times in the back of the head. Cliett Dep. at 16:21-16:23. As Burton was swinging, Officer Hughes and Officer Mollineau grabbed Burton and Plaintiff, and within seconds of the first strike succeeded in separating them. Video at 4:04:15-4:04:22. In his deposition, Plaintiff conceded that the attack "was quick." Cliett Dep. at 16:24-17:1. Plaintiff further testified that he had no advance information that Burton was going to attack him. *Id.* at 11:3-11:10. Burton did not say anything to Plaintiff before he attacked. *Id*. at 19:24-20:2. Thus, nothing in the record suggests that the officers had any reason to know that Burton posed a threat to Mr. Cliett.

## II. Procedural Posture

Plaintiff filed suit in October 2017, naming three defendants: Warden Gerald May; Officer David Hughes; and Plaintiff's assailant, Raheem Burton. After some delay, May and Hughes were both served, but Burton never was. Warden May then moved to dismiss on the ground that he had no personal involvement in the case. Plaintiff did not respond to the motion, and after waiting for a period of three months, I dismissed the claim without prejudice on August 17, 2018. Plaintiff has not sought to amend his claim against Warden May. The defense then sought an order to depose Mr. Cliett, now in a state correctional institution in western Pennsylvania, which I issued. Thereafter, Officer Hughes moved for summary judgement. Plaintiff again did not respond. Because I was concerned that the record did not adequately reflect that he was served with the motion, I ordered the defense to serve him again, which it accomplished on January 27, 2020. ECF 25. Once again, Plaintiff has not responded. Recognizing that I would likely need to evaluate the merits of the motion without a response, I directed defense counsel to supply the Court with a copy of the security video referenced in its

brief. In evaluating the pending motion, I have now read Plaintiff's deposition and reviewed the video of the incident.

### III. Standard of Review

This Motion is governed by the well-established standard for summary judgment set forth in Fed. R. Civ. P. 56(a), as amplified by *Celotex Corporation v. Catrett*, 477 U.S. 317, 322-23 (1986).

### IV. Discussion

Under the Fourteenth Amendment a prisoner has a constitutional right to be protected by prison officials against acts of violence by other prisoners. *Bistrian v. Levi*, 696 F.3d 352, 367 (3d Cir. 2012). In the case of pretrial detainees, a failure-to-protect claim under the Fourteenth Amendment is analyzed under the same standard as an Eighth Amendment failure-to-protect claim. *Id*. Under the controlling standard, "not every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials." *Id.* To establish a claim under § 1983 for failure to protect, the plaintiff must produce sufficient evidence of (1) a substantial risk of harm; (2) the defendant's deliberate indifference to that risk; and (3) causation. *Hamilton v. Leavy*, 117 F.3d 742, 746 (3d Cir. 1997); *see also Bistrian*, 696 F.3d at 367.

Deliberate indifference can be shown when a "[prison] official knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The prison official must not only be aware of the facts to support an inference that a substantial risk of serious harm exists, but must also draw that inference himself. *Id.* Consequently, prison officials can avoid liability by showing they were unaware of the danger, or they believed the risk was insubstantial or nonexistent. *Bistrian*, 696 F.3d at 367. "In addition, prison officials who actually knew of a substantial risk to inmate health or safety may be found free from

liability if they responded reasonably to the risk, even if the harm ultimately was not averted." *Id.* (quoting *Farmer*, 511 U.S. at 844) (internal quotation marks omitted).

Here, my review of the record reveals no evidence that Officer Hughes was deliberately indifferent to an excessive risk facing Plaintiff. Mr. Cliett himself had no information he was being targeted for an attack, and testified he had heard no statements by any individuals indicating Burton had reason to attack him. In the moments leading up to the attack, the video shows Burton walking out of his cell in a manner consistent with him preparing to be handcuffed for court. He walked at a normal pace and gave no indication of the impending attack. He did not lunge at Plaintiff until he was almost upon him. Such a spontaneous attack, with no prior warning, cannot support a finding of deliberate indifference. The officers responded promptly and ended the assault.

In a non-precedential opinion, *Jones v. Beard*, 145 Fed. App'x 743, 745 (3d Cir. 2005), a panel of the Third Circuit affirmed summary judgment against an inmate who failed to establish a failure-to-protect claim. The plaintiff in *Jones* was assaulted by his cellmate. *Id.* at 744. The record in *Jones* was even stronger because the plaintiff there had made written complaints about his cellmate, who had mental issues, which he contended were sufficient to alert guards to the risk. *Id.* at 745. Nevertheless, because the record was "devoid of evidence establishing that [the plaintiff] articulated specific threats of serious harm, or that he made multiple complaints about [his attacker] to any one guard," the plaintiff's isolated comments to guards were insufficient to demonstrate deliberate indifference. *Id.* The Court noted that "threats between inmates are common and do not, in every circumstance, serve to impute actual knowledge of a substantial risk of harm." *Id.* (quoting *Jackson v. Everett*, 140 F.3d 1149, 1152 (8th Cir. 1998)). Here, unlike in *Jones*, prison officials had no notice whatsoever of the impending attack, and thus on

4

the facts here, no reasonable jury could find Officer Hughes to have been deliberately indifferent to a substantial risk of harm.

**V.      Conclusion**

For the reasons set forth above, Defendant's Motion for Summary Judgment will be granted.  As to the remaining claim against Rasheem Burton, Plaintiff has taken no steps to accomplish service even though this case has now been pending for more than two years.  I will therefore dismiss that claim without prejudice for failure to prosecute.  An appropriate Order follows.

       /s/ Gerald Austin McHugh
       Gerald Austin McHugh
       United States District Judge